IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT WILLIS,

        Plaintiff,                    No. CIV S-09-0342 MCE DAD P

    vs.

R. WEEKS,

        Defendant.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. On November 25, 2009, defendant Weeks moved to dismiss this action, arguing that plaintiff's claim is barred by the applicable statute of limitations. Plaintiff has filed an opposition to defendant's motion. For the reasons set forth below, the court recommends that defendant's motion to dismiss be denied.

**BACKGROUND**

        Plaintiff is proceeding on his original complaint against defendant Weeks. In his complaint, plaintiff alleges that on September 21, 2002, defendant escorted him to the exercise yard. (Compl. at 5.) Plaintiff contends that during this time, he was strip-searched and sexually and violently assaulted by defendant with a hand-held metal detector device. (Id.) Plaintiff alleges that the assault was unprovoked and was the culmination of prior acts of harassment by

1

defendant. (Id.)

Plaintiff also alleges that on August 17, 2005, defendant Weeks was working as a yard officer, while plaintiff was assigned to work as a program office porter. (Compl., Attach.) Plaintiff alleges that on this day, defendant verbally harassed him. (Id.) According to plaintiff, the harassment continued and on November 1, 2005, defendant issued him a false rules violation for "mutual combat," which resulted in plaintiff's loss of time credits. (Id.) Plaintiff alleges that the write-up was a retaliatory act because he told defendant Weeks that he had not forgotten about the metal detector incident and that he had been discussing the matter with his psychiatrist. (Id.)

## DEFENDANT'S MOTION TO DISMISS

I. Defendant's Motion

Defendant argues that this action should be dismissed with prejudice because it is barred by the applicable statute of limitations. (Def.'s Mot. to Dismiss (MTD) at 4.) Defendant argues that the statute of limitations period for personal injury actions arising in 2002 is one year. (Id.) Defendant contends that this statute of limitations may be tolled for up to two years in actions brought by prisoners. (Id.) According to defendant, plaintiff's action is nevertheless time-barred because even with the maximum period of tolling, plaintiff had until September 21, 2005 to file his complaint but he did not commence this action until January 29, 2009. (Id.)

II. Plaintiff's Opposition

In opposition to the pending motion to dismiss, plaintiff first clarifies his claims. Plaintiff explains that his reference to the November 1, 2005 rules violation charge for "mutual combat" is not a separate claim, but rather is intended to show defendant's culpability as it relates to the alleged assault on September 21, 2002. (See Pl.'s Opp'n to MTD (Opp'n) at 1.) According to plaintiff, the November 1, 2005 rules violation charge and his subsequent appeals with respect to that violation demonstrates that he has exhausted his administrative remedies. (Id.)

Next, plaintiff argues that this action is not barred by the statute of limitations because in September 2002, he suffered from, and has since been diagnosed with, schizoaffective disorder - bipolar type. (Id. at 2, Ex. A.) According to plaintiff, he has been on psychotropic medication since 1996 and has had difficulty prosecuting cases while suffering from his mental disabilities. (Id. at 2.)

**ANALYSIS**

I. Statute of Limitations for § 1983 Action

For actions brought pursuant to 42 U.S.C. § 1983, federal courts apply the forum state's statute of limitations period for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 266-80 (1985); Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004). Prior to January 1, 2003, the statute of limitations period in California for personal injury claims was one year. Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004). Effective January 1, 2003, the statute of limitations period in California for the bringing of personal injury claims was extended to two years. Cal. Civ. Proc. Code § 335.1. The extension of the statute of limitations period to two years applies to all claims that were not yet barred by the then-applicable limitations period as of January 1, 2003. See Andonagui v. May Dept. Stores Co., 128 Cal. App. 4th 435, 440 (2005). However, the extension of the limitations period cannot revive claims that were already time-barred under the previous one-year statute of limitations period. Id.; Maldonado, 370 F.3d at 954.

Federal courts also apply the forum state's laws regarding tolling of the applicable statute if limitations, to the extent that state law is not inconsistent with federal law. Jones, 393 F.3d at 927. Under California law, the statute of limitations may be tolled under either a statutory tolling provision or the equitable tolling doctrine. See e.g., Belton v. Bowers Ambulance Serv., 20 Cal. 4th 928, 930-32 (1999) (statutory tolling under Cal. Civ. Proc. Code § 352.1 for those imprisoned at the time the cause of action accrues); Aguilera v. Heiman, 174 Cal. App. 4th 590, 597- 98 (2009) (discussing the applicability of and requirements for equitable tolling of the statute of limitations in a personal injury action).

Lastly, federal law determines when a § 1983 claim accrues for statute of limitations purposes. Maldonado, 370 F.3d at 955 (citing Knox v. Davis, 260 F.3d 1009, 1013 (9th Cir. 2001)). "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Id. In this regard, the focus is on when the illegal act occurred and "not the point at which the consequences of the act become painful." Chardon v. Fernandez, 454 U.S. 6, 8 (1991) (finding that plaintiff's wrongful termination claim accrued when defendants notified her that she would be terminated and not when she was actually terminated).

II. Discussion

Absent tolling, plaintiff's claim regarding defendant Weeks' alleged assault upon him with a hand-held metal detector is untimely. Plaintiff's claim accrued on the date of the alleged incident, September 21, 2002. Because plaintiff's claim was not time-barred under the previous one-year statute of limitations period under California law as of January 1, 2003, plaintiff benefits from the subsequently enacted two-year statute of limitations for personal injury claims. See Andonagui, 128 Cal. App. 4th at 440 ("A new statute that enlarges a statutory limitations period applies to actions that are not already barred by the original limitations period at the time the new statute goes into effect."). Plaintiff thus had until September 21, 2004 to file his complaint. However, he did not initiate this action until January 29, 2009.

Plaintiff's complaint must therefore be dismissed as time-barred, unless he is entitled to statutory or equitable tolling. In his motion to dismiss, defendant persuasively argues that plaintiff's action is not rendered timely by California's tolling provision for imprisoned plaintiffs. In this regard, under California Civil Procedure Code § 352.1, the applicable statute of limitations period is tolled for up to two years if the cause of action accrued while the plaintiff was in prison.[1] Even assuming that plaintiff is entitled to the two-year statutory tolling provision

---

[1] Section 352.1 applies to all prisoners, except for those who have been sentenced to life terms. Jones, 393 F.3d at 927.

1  of § 352.1, he would only have had until September 21, 2006 to file this action.  As noted above,
2  plaintiff did not file this action until over two years thereafter, on January 29, 2009.

3  Nonetheless, defendant's exclusive focus on tolling pursuant to § 352.1 is
4  misguided.  The statute of limitations period with respect to this action may also be tolled if
5  plaintiff was "insane" when his cause of action accrued.  See Cal. Civ. Proc. Code § 352(a).
6  Under § 352(a), the applicable statute of limitations is tolled for the duration of a plaintiff's
7  insanity.  For the purpose of § 352(a), "insane has been defined as a condition of mental
8  derangement which renders the sufferer incapable of caring for his property or transacting
9  business, or understanding the nature or effects of his acts."  Hsu v. Mt. Zion Hospital, 259 Cal.
10 App. 2d 562, 571 (1968) (citing Pearl v. Pearl, 177 Cal. 303, 307 (1918)).

11 Here, plaintiff has raised a factual issue as to whether the statute of limitations
12 with respect to his claim should be tolled due to his insanity.  In his opposition to the pending
13 motion, plaintiff alleges that he was not able to timely prosecute his claim because he has been
14 on prescribed psychotropic medication since 1996. (Opp'n at 2.)  Plaintiff also contends that he
15 has been diagnosed with a schizoaffective disorder - bipolar type. (Id.)  In support of these
16 allegations, plaintiff has provided the court with his psychiatrist's report dated July 1, 2008. (Id.,
17 Ex. A.)  Therein, a psychiatrist confirms that plaintiff has been diagnosed with a schizoaffective
18 disorder - bipolar type; is taking several psychotropic medications; has visual hallucinations; and
19 has a history of suicide attempts. (Id.)  Plaintiff has therefore presented sufficient evidence to
20 support a colorable argument that he was "incapable of caring for his property or transacting
21 business" from 1996 until at least July 1, 2008.  Hsu, 259 Cal. App. 2d at 571.  If that is the case,
22 plaintiff would be entitled to the tolling of the applicable statute of limitations period with
23 respect to his claim until at least July 1, 2008.  Such a period of tolling would render his January
24 29, 2009, complaint in this action timely.

25 Defendant only indirectly challenges plaintiff's entitlement to tolling under §
26 352(a).  In his motion to dismiss, defendant requests that the court take judicial notice of a

previous complaint filed in this court by plaintiff on August 31, 2006.[2] (MTD at 3.) Defendant simply argues that plaintiff presented the same claim and alleged the same facts in that action. (Id.) However, defendant fails to explain how plaintiff's filing of his 2006 action undermines plaintiff's claim that he was incapable of caring for his property or transacting business during this time. See Hsu, 259 Cal. App. 2d at 571. In fact, plaintiff's 2006 action in this court would appear to buttresses plaintiff's entitlement to tolling under § 352(a) since that previous action was eventually dismissed without prejudice because plaintiff was repeatedly found incapable of abiding by the court's orders after filing his complaint. (See 2:06-cv-1988-MCE-KJM, Doc. Nos. 11 & 19.)

Moreover, defendant has failed to direct the court to any case suggesting that the filing of a single lawsuit during the time of plaintiff's alleged insanity defeats his claim to tolling under § 352(a). Cf. Gamba v. Woodford, No. CIV S-05-1285 MCE JFM P, 2007 WL 2481746, at *3 (E.D. Cal. Aug. 29, 2007) (finding that the plaintiff was not entitled to tolling under § 352(a) when he filed sixteen separate actions during the time of his alleged insanity); McColm v. Santa Clara County, No. C-95-20856-JW, 1997 WL 33016, at *2-3 (N.D. Cal. Jan. 15, 1997) (dismissing plaintiff's action as untimely after noting that plaintiff filed several lawsuits and was declared a vexatious litigant during the period of his alleged insanity).

Thus, to the extent that plaintiff's opposition raises factual issues as to whether he is entitled to tolling under § 352(a), the court is unable to resolve those issues at this stage of the proceedings. Accordingly, defendant's motion to dismiss should be denied. See Pesnell v. Arsenault, 543 F.3d 1038, 1041 (9th Cir. 2008) ("[A] complaint cannot be dismissed [on statute of limitations grounds] unless it appears beyond doubt that the plaintiff can prove no set of facts

/////

---

[2] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986). Accordingly, the court takes judicial notice of plaintiff's 2006 civil rights action, Willis v. Weeks, 2:06-cv-1988-MCE-KJM.

that would establish the timeliness of the claim.").[3]

## CONCLUSION

For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss plaintiff's complaint as untimely (Doc. No. 12) be denied without prejudice to defendant reasserting the statute of limitations defense in a motion for summary judgment; and

2. Defendant be directed to file an answer within thirty days of adoption of these findings and recommendations, should that occur.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 17, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:sj
will0342.57

---

[3] Once discovery in this case commences, defendant will be able to further develop the record as to plaintiff's mental disabilities from the period of 1996 to the date this action was filed.  Defendant Weeks may reassert the statute of limitations defense, if appropriate, in any motion for summary judgment that he chooses to file in this action.