IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT WILLIS,

        Plaintiff,                     No. CIV S-09-0342 MCE DAD P

    vs.

R. WEEKS,

        Defendant.               ORDER

_____/

       Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has two motions pending before the court.

**PLAINTIFF'S MOTION TO EXTEND DISCOVERY**

       On September 2, 2010, plaintiff filed a request to extend the discovery deadline in this case by six months. Therein, plaintiff explains that his ability to draft discovery requests is limited by his disabilities and dependence on others for legal assistance. (Mot. at 1.) In addition, plaintiff argues that access at the prison where he is confined to photocopy services, mail, and to the law library have been restricted as a result of "Furlough Fridays." (Id. at 1-2.) [1]

/////

---

[1] Defendant has not opposed plaintiff's motion to extend discovery.

1

Good cause appearing, the court will grant plaintiff's request in part. The parties will be granted thirty additional days to conduct discovery in this matter.

**PLAINTIFF'S MOTION TO APPOINT COUNSEL**

Also on September 2, 2010, plaintiff filed a motion requesting the appointment of counsel. The United States Supreme Court has ruled in this regard that district courts lack the authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, however, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances that are common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances and will therefore deny plaintiff's request for the appointment of counsel.

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's September 2, 2010 motion to extend discovery (Doc. No. 26) is granted in part.

2. The parties may conduct discovery until January 3, 2011. Any motions necessary to compel discovery shall be filed and served by that date. All requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34, or 36 shall be served not later than sixty days prior to that date.

3. All pretrial motions, except motions to compel discovery, shall be filed and served on or before March 25, 2011. Motions shall be briefed in accordance with paragraph 7 of this court's order filed April 14, 2009.

4. Plaintiff's September 2, 2010 motion to appoint counsel (Doc. No. 25) is denied.

DATED: September 20, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:sj
will0342.41mod+31

3