IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT WILLIS,

        Plaintiff,                  No. CIV S-09-0342 MCE DAD P

    vs.

R. WEEKS,

        Defendant.           ORDER

                               /

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion to quash.

        In his motion, plaintiff asks the court to quash a civil subpoena issued by defense counsel commanding Litigation Coordinator Andrew Pitoniack at California Men's Colony to produce for inspection and copying "Any and all of Plaintiff Robert Willis' mental and psychiatric records from September 2002 to the present." Plaintiff argues that his mental and psychiatric records are privileged. He also argues that Mr. Pitoniack is not a party to this action, and that the subpoena in question would require Litigation Coordinator Pitoniack to travel more than 100 miles.

        In opposition to plaintiff's motion, defense counsel argues that plaintiff has put his mental health at issue in this action by claiming that he suffers from mental and emotional

1   distress and needs to take psycho-tropic medications as a result of the defendant's alleged
2   conduct.  Defense counsel also argues that plaintiff has put his mental health at issue by relying
3   on that condition to justify his late-filing of this action.
4        The court must quash or modify a subpoena that requires the disclosure of
5   privileged or other protected matter, or subjects a person to undue burden.  See Fed. R. Civ. P.
6   45(c)(3)(A).  Here, the undersigned finds that plaintiff's mental health history is relevant and that
7   plaintiff has waived his right to assert privilege by putting his mental health at issue in this civil
8   action.  As an initial matter, plaintiff claims that defendant Weeks' conduct on September 21,
9   2002, has caused him post-traumatic stress disorder and forced him to undergo mental health
10  treatment and take psycho-tropic medications.  Plaintiff's allegations in this regard go to the heart
11  of any potential damages he may recover if successful in this action.
12       Moreover, the court previously denied defendant's motion to dismiss on statute of
13  limitations grounds because the court determined that plaintiff had presented sufficient evidence
14  that he was "incapable of caring for his property or transacting business from 1996 to at least July
15  1, 2008" as a result of one of his mental health conditions.  The court denied defendant's motion
16  to dismiss on statute of limitations grounds without prejudice to the defendant reasserting the
17  statute of limitations defense in a motion for summary judgment.  In plaintiff's recently-filed
18  motion for summary judgment, he argues that his complaint is timely and that he is entitled to
19  equitable tolling of the statute of limitations because of his mental health status.  In support of his
20  argument, plaintiff relies on portions of his prison mental health records.  It would be improper
21  for the court to allow plaintiff to have the benefit of his mental health records without giving
22  defense counsel access to the same.
23       Finally, to the extent that plaintiff has asserted an objection to the subpoena on the
24  grounds that the requested production is unduly burdensome, he lacks standing to do so because
25  he is not the party bearing the burden of production.  To date, Litigation Coordinator Pitoniack
26  has not filed any objections based upon the burden of the production called for by the subpoena.

1  Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to quash (Doc.
2  No. 28) is denied.
3  DATED: July 5, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
will0342.quash