1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROBERT WILLIS,

11          Plaintiff,              No. CIV S-09-0342 MCE DAD P

12   vs.

13   R. WEEKS,

14          Defendant.          FINDINGS AND RECOMMENDATIONS

15   _____/

16          Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking

17   relief under 42 U.S.C. § 1983.  This matter is before the court on the parties' cross-motions for

18   summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

19                              **BACKGROUND**

20          Plaintiff is proceeding on his original complaint against defendant Weeks.  In his

21   complaint, plaintiff alleges that on September 21, 2002, the defendant escorted him to the

22   exercise yard, strip-searched him, and sexually assaulted him with a hand-held metal detector

23   device.  Plaintiff also alleges that several years later, on November 1, 2005, defendant Weeks

24   issued him a serious rules violation report ("RVR") for engaging in mutual combat.  According

25   to plaintiff, defendant Weeks issued him the RVR only after plaintiff told Weeks that plaintiff

26   had not forgotten about the sexual assault he performed on him in 2002, and warned Weeks that

1

1 he had been discussing the assault with his psychiatrist.  Plaintiff alleges that defendant Weeks

2 tried to play off the incident jokingly, but knew that plaintiff would "expose" his conduct.

3 (Compl. at 5 & Attach.)

4 **PROCEDURAL HISTORY**

5        At screening the court determined that plaintiff's complaint appeared to state

6 cognizable claims for relief against defendant Weeks, and in due course, the United States

7 Marshal served plaintiff's complaint on him.  On November 25, 2009, defendant Weeks filed a

8 motion to dismiss the complaint as barred by the statute of limitations.  Plaintiff opposed the

9 motion and argued that he was entitled to equitable tolling.  On June 18, 2010, the undersigned

10 issued findings and recommendations, recommending that defendant's motion to dismiss the

11 complaint as untimely be denied without prejudice to the defendant reasserting the statute of

12 limitations defense in a motion for summary judgment.  On July 15, 2010, the assigned district

13 judge adopted the findings and recommendations in full.  On July 29, 2010, defendant Weeks

14 filed an answer and denied that he in any way used excessive force against plaintiff and/or

15 retaliated against him.  On August 10, 2010, the court issued a discovery and scheduling order,

16 and subsequently, the parties filed the pending cross-motions for summary judgment.

17 **SUMMARY JUDGMENT STANDARDS UNDER RULE 56**

18        Summary judgment is appropriate when it is demonstrated that there exists "no

19 genuine issue as to any material fact and that the moving party is entitled to a judgment as a

20 matter of law."  Fed. R. Civ. P. 56(c).

21            Under summary judgment practice, the moving party
            always bears the initial responsibility of informing the district court
22         of the basis for its motion, and identifying those portions of "the
            pleadings, depositions, answers to interrogatories, and admissions
23         on file, together with the affidavits, if any," which it believes
            demonstrate the absence of a genuine issue of material fact.

24

25 Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  "[W]here the

26 nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary

2

1  judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers

2  to interrogatories, and admissions on file.'"  Id.  Indeed, summary judgment should be entered,

3  after adequate time for discovery and upon motion, against a party who fails to make a showing

4  sufficient to establish the existence of an element essential to that party's case, and on which that

5  party will bear the burden of proof at trial.  See id. at 322.  "[A] complete failure of proof

6  concerning an essential element of the nonmoving party's case necessarily renders all other facts

7  immaterial."  Id.  In such a circumstance, summary judgment should be granted, "so long as

8  whatever is before the district court demonstrates that the standard for entry of summary

9  judgment, as set forth in Rule 56(c), is satisfied."  Id. at 323.

10         If the moving party meets its initial responsibility, the burden then shifts to the

11  opposing party to establish that a genuine issue as to any material fact actually does exist.  See

12  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to

13  establish the existence of this factual dispute, the opposing party may not rely upon the

14  allegations or denials of its pleadings but is required to tender evidence of specific facts in the

15  form of affidavits, and/or admissible discovery material, in support of its contention that the

16  dispute exists.  See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11.  The opposing party

17  must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome

18  of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

19  (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.

20  1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could

21  return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433,

22  1436 (9th Cir. 1987).

23         In the endeavor to establish the existence of a factual dispute, the opposing party

24  need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the

25  claimed factual dispute be shown to require a jury or judge to resolve the parties' differing

26  versions of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary

3

1   judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a

2   genuine need for trial.'"  Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory

3   committee's note on 1963 amendments).

4          In resolving the summary judgment motion, the court examines the pleadings,

5   depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

6   any.  Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See Anderson,

7   477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the

8   court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.

9   Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to

10  produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen

11  Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.

12  1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply

13  show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken

14  as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no

15  'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).

16  **LEGAL STANDARDS FOR EXHAUSTION OF ADMINISTRATIVE REMEDIES**

17         By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42

18  U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions

19  under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail,

20  prison, or other correctional facility until such administrative remedies as are available are

21  exhausted."  42 U.S.C. § 1997e(a).  The exhaustion requirement "applies to all inmate suits about

22  prison life, whether they involve general circumstances or particular episodes, and whether they

23  allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).

24         The United States Supreme Court has ruled that exhaustion of prison

25  administrative procedures is mandated regardless of the relief offered through such procedures.

26  Booth v. Churner, 532 U.S. 731, 741 (2001).  The Supreme Court has also cautioned against

4

1   reading futility or other exceptions into the statutory exhaustion requirement.  Id. at 741 n.6.

2   Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA

3   exhaustion requirement by filing an untimely or otherwise procedurally defective administrative

4   grievance or appeal.  Woodford v. Ngo, 548 U.S. 81, 90-93 (2006).

5          In California, prisoners may appeal "any policy, decision, action, condition, or

6   omission by the department or its staff that the inmate or parolee can demonstrate as having a

7   material adverse effect upon his or her health, safety, or welfare."  Cal. Code Regs. tit. 15, §

8   3084.1(a).  Most appeals progress through three levels of review.  See id. § 3084.7.  The third

9   level of review constitutes the decision of the Secretary of the California Department of

10  Corrections and Rehabilitation and exhausts a prisoner's administrative remedies.  See id. §

11  3084.7(d)(3).  A California prisoner is required to submit an inmate appeal at the appropriate

12  level and proceed to the highest level of review available before filing suit.  Butler v. Adams, 397

13  F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

14         The PLRA exhaustion requirement is not jurisdictional but rather creates an

15  affirmative defense.  See Jones v. Bock, 549 U.S.199, 216 (2007) ("[I]nmates are not required to

16  specially plead or demonstrate exhaustion in their complaints."); Wyatt v. Terhune, 315 F.3d

17  1108, 1117-19 (9th Cir. 2003).  The defendants bear the burden of raising and proving the

18  absence of exhaustion.  Wyatt , 315 F.3d at 1119.  When the district court concludes that the

19  prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal

20  of the claim without prejudice."  Id. at 1120.  See also Lira v. Herrera, 427 F.3d 1164, 1170 (9th

21  Cir. 2005).  On the other hand, "if a complaint contains both good and bad claims, the court

22  proceeds with the good and leaves the bad."  Jones, 549 U.S. at 221.

## DEFENDANT WEEKS' MOTION FOR SUMMARY JUDGMENT

24  I.  Defendant's Arguments

25         Counsel for defendant Weeks argues that plaintiff's complaint is barred under the

26  Prison Litigation Reform Act because he did not exhaust his administrative remedies prior to

1   filing this civil action.  Specifically, defense counsel argues that plaintiff chose not to utilize the

2   inmate appeals process with regards to his allegation that defendant Weeks sexually assaulted

3   him with a wand.  Defense counsel states that plaintiff has explained explains his failure to file a

4   prison grievance regarding this incident as being based upon plaintiff's belief that defendant

5   Weeks would simply get away with the incident.  However, counsel contends that plaintiff's

6   belief that filing an inmate appeal would be futile does not excuse him from compliance with the

7   exhaustion requirement.  (Def.'s Mem. of P. & A. at 9-11.)

8   II.  Plaintiff's Opposition

9          In opposition to defendant's motion, plaintiff acknowledges that he did not file an

10  inmate appeal regarding the wand incident because at the time he had no intention of filing a

11  lawsuit against defendant Weeks.  Absent such intention, plaintiff contends that he was not

12  required to file an inmate appeal about the defendant's conduct.  In any event, plaintiff argues

13  that he satisfied the exhaustion requirement when he filed an inmate appeal regarding

14  defendant's retaliatory conduct in 2005.  Plaintiff contends that in that inmate appeal he

15  explained both the 2002 and 2005 incidents with defendant Weeks.  Prison officials could have,

16  but did not, limit the scope of the inmate appeal or reject the appeal based on a failure to comply

17  with time limitations with respect to the filing of grievances.  (Pl.'s Opp'n to Def.'s Mot. for

18  Summ. J. at 5-6, 10-13 & 22-24.)

19  III.  Discussion

20         Based on the undisputed evidence in this case, the court finds that plaintiff failed

21  to exhaust his Eighth Amendment claim against defendant Weeks in connection with the

22  defendant's alleged use of a wand to sexually assault plaintiff in 2002.  A prisoner's concession

23  to nonexhaustion is a valid ground for dismissal of a claim.  See Wyatt v. Terhune, 315 F.3d

24  1108, 1120 (9th Cir. 2003).  Here, plaintiff concedes that he did not file an inmate appeal after

25  defendant Weeks' allegedly assaulted him because he did not intend to file a lawsuit at that time.

26  /////

1    As discussed above, exhaustion of administrative remedies is mandatory with respect to any

2    claims plaintiff brings regarding prison conditions under § 1983.  See 42 U.S.C. § 1997e.

3            Moreover, although several years later plaintiff did pursue an inmate appeal

4    (HDSP 06-455) through the director's level of review regarding defendant Weeks' alleged

5    retaliatory conduct, that prison grievance does not satisfy the exhaustion requirement with

6    respect to plaintiff's Eighth Amendment claim.  "The level of detail in an administrative

7    grievance necessary to properly exhaust a claim is determined by the prison's applicable

8    grievance procedures."  Morton v. Hall, 599 F.3d 942, 946 (9th Cir. 2010).  At the time plaintiff

9    filed his inmate appeal, the CDC Form 602 instructed him to describe the problem and the action

10   requested.  In his inmate appeal, plaintiff complained that, on November 1, 2005, defendant

11   Weeks issued him a serious RVR for mutual combat.  Plaintiff asked that prison officials

12   investigate the matter and remove the rules violation from his central file.  He also asked prison

13   officials to restore his lost time credits.  Although plaintiff mentioned that he believed defendant

14   Weeks issued the RVR in retaliation for plaintiff directing comments towards him regarding the

15   alleged sexual assault in 2002, plaintiff did not describe the alleged assault as the "problem" in

16   his inmate appeal.  Nor did prison officials indicate in their responses to plaintiff's 2005 appeal

17   that they were aware that plaintiff was complaining about the alleged sexual assault in 2002.  In

18   this regard, the court finds that plaintiff failed in his 2005 grievance to provide the minimum

19   level of detail necessary to put prison officials on notice of his Eighth Amendment claim.  See

20   Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009) (a grievance satisfies the exhaustion

21   requirement only if it alerts the prison to the wrong for which redress is sought); Brown, 422

22   F.3d at 941 n.15 ("When read in context, it is evident that Brown's discussion of his treatment by

23   medical staff was not raised as a separate complaint, but rather as a way of explaining the steps

24   Brown took to complain about the mistreatment and, in support of his request for damages, the

25   medical impact of the alleged attack."); see also Porter v. Howard, No. 10-cv-1817 JLS (PCL),

26   2011 WL 3298885 at *6 (S.D. Cal. June 14, 2011) ("Plaintiff filed numerous grievances,

1 however, because these appeals did not seek any remedy for the rape, none of these grievances

2 were sufficient to exhaust his administrative remedies as required by the PLRA."); Simpson v.

3 Feltsen, No. S-09-0302 MSB, 2010 WL 5288181 at *5 (E.D. Cal. Dec. 17, 2010) ("Although the

4 grievance may have 'alert[ed] the prison to the nature' of other types of claims, it was not

5 sufficient to put the prison officials on notice that [plaintiff] was alleging anything similar to the

6 First Amendment retaliation claim in his complaint.").

7      If a court concludes, as it does here, that a prisoner has not exhausted

8 administrative remedies, "the proper remedy is dismissal of the claim without prejudice." Wyatt,

9 315 F.3d at 1120.  In light of the discussion above, the undersigned will recommend that

10 plaintiff's Eighth Amendment claim against defendant Weeks in connection with defendant

11 Weeks' alleged use of a wand to sexually assault plaintiff in 2002 be dismissed without

12 prejudice.[1]

13 **OTHER MATTERS**

14      In their motions for summary judgment, neither party has addressed plaintiff's

15 allegations that defendant Weeks issued plaintiff an RVR in retaliation for plaintiff telling him

16 that he had not forgotten about the sexual assault upon him back in 2002, and warning Weeks

17 that plaintiff had been discussing the assault with his psychiatrist.  Accordingly, while the

18 undersigned will recommend the dismissal of plaintiff's Eighth Amendment claim, it will also be

19 recommended that the case be referred back to the undersigned for further proceedings with

20 respect to plaintiff's retaliation claims.

---

22   [1] Defense counsel also argues in the pending motion for summary judgment that plaintiff's complaint is generally barred by the applicable statute of limitations.  However, that arguemnt is based on the commencement of the statute of limitations only with respect to plaintiff's Eighth Amendment claim.  In his opposition, plaintiff maintains that he is entitled to equitable tolling of the statute of limitations.  In light of the recommendation above that the plaintiff's Eighth Amendment claim be dismissed due to plaintiff's failure to exhaust his administrative remedies prior to filing suit, the court need not address the parties' statute of limitations arguments.  In addition, for the same reason, the court declines to address plaintiff's motion for summary judgment on the merits of his unexhausted Eighth Amendment claim and will recommend that plaintiff's motion be denied without prejudice.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant Weeks' motion for summary judgment based on plaintiff's failure to exhaust his Eighth Amendment claim prior to bringing this action (Doc. No. 33) be granted;

2. Plaintiff's motion for summary judgment (Doc. No. 34) be denied without prejudice; and

3. This matter be referred back to the undersigned for further proceedings on plaintiff's First Amendment retaliation allegations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 20, 2011.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
will0342.57(2)

9