UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WILLIS,<br><br>    Plaintiff,<br><br>    v.<br><br>R. WEEKS,<br><br>    Defendant. | No. 2:09-CV-00342-MCE-DAD-P<br><br><br><br>**ORDER** |

This case is set for a three-day jury trial on pro se Plaintiff Robert Willis's First Amendment retaliation claim against Defendant correctional officer R. Weeks. Presently before the Court are Defendant's Motions in Limine addressing the admissibility of certain evidence. For the following reasons, Defendant's Motions, none of which are opposed, are GRANTED.

**Defendant's Motion in Limine #1**: Defendant first moves to allow the testimony of witness Ronald Swartz, a former California correctional officer, by video conference from the courthouse of the United States District Court for the Eastern District of Michigan. During the time this case has been pending, Mr. Swartz retired from the California Department of Corrections and Rehabilitation, moved to Michigan and is now beyond the Court's subpoena power.

///

1 Given that Mr. Swartz cannot be compelled to appear, that Mr. Swartz will testify from
2 inside another federal courthouse fully capable of imposing the same safeguards as this
3 one, that the parties and the jury will be able to contemporaneously both see and hear
4 the witness, and that Plaintiff has not objected to the proposed video testimony, the
5 Court finds good cause has been shown to permit Mr. Swartz to testify remotely.  See
6 Fed. R. Civ. Pro. 43 ("For good cause in compelling circumstances and with appropriate
7 safeguards, the court may permit testimony in open court by contemporaneous
8 transmission from a different location.").  This request is GRANTED.

9 **Defendant's Motion in Limine #2:** Defendant next moves to exclude Plaintiff's
10 proposed exhibits because he did not provide Defendant with copies of those
11 documents.  Pursuant to the Court's Pretrial Order, the parties were required to
12 exchange exhibits within fourteen calendar days of the filing of that order.  Pretrial Order,
13 ECF No. 81, at 6.  Because Plaintiff failed to do so, and because he has not opposed
14 Defendant's Motion, this request is GRANTED as well.

15 **Defendant's Motion in Limine #3:** Defendant next moves to exclude reference
16 to disciplinary action taken against Defendant Weeks four years after the incident
17 underlying Plaintiff's claims.  Because that subsequent discipline has nothing to do with
18 Plaintiff's claim, and again because there is no opposition, that evidence is excluded as
19 irrelevant.  This request is GRANTED.
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1 **Defendant's Motion in Limine #4:** Defendant next requests that he be permitted
2 to offer the testimony of Todd E. Murray, Ph.D, the Chief of Mental Health at High Desert
3 State Prison, in lieu of the testimony of previously identified witnesses, R. Dahl, Ph.D, S.
4 Salenger, M.D., and LCSW J. Loyal.  On November 27, 2013, several weeks prior to
5 filing his Motions in Limine, Defendant filed a Notice of Intent to Present Alternate
6 Witness (ECF No. 85) explaining in more detail that, after issuing subpoenas for the
7 three previously named witnesses, he became aware that one was deceased, one had
8 retired to Southern California and has health issues that will prevent him from traveling to
9 testify, and one had recently suffered a stroke and was on medical leave having suffered
10 neurological loss.  As soon as Defendant became aware of the unavailability of these
11 witnesses, he provided Plaintiff and the Court with an explanation of the subject matter
12 of the alternate witness's testimony, and he offered to make that alternate witness
13 available for deposition.  See Pretrial Order, ECF No. 81, at 5 (permitting witnesses not
14 named in the Pretrial Order to be called when the witness was discovered after the
15 pretrial conference, the witness could not previously have been discovered, the court
16 and opposing party were promptly notified upon discovery of the witness, and either a
17 reasonable summary of the witness's testimony was provided or the witness was
18 proferred for deposition).  Moreover, Plaintiff has again filed no objection, either to the
19 instant Motion or to Defendant's previously filed Notice.  Accordingly, Defendants' fourth
20 Motion in Limine is also GRANTED.
21 **Defendant's Motion in Limines #5 and 6:** Finally, Defendant seeks to have
22 excluded any reference to: (1) the parties' prior settlement discussions; or (2)
23 Defendant's net worth prior to liability being found.  It is standard practice for this Court
24 to exclude such evidence, and those requests are GRANTED as well.
25 ///
26 ///
27 ///
28 ///

For the reasons just stated, all of Defendant's Motions in Limine (ECF No. 86) are GRANTED.

IT IS SO ORDERED.

Dated: December 31, 2013

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT